

FILED
CLERK, U.S. DISTRICT COURT

AUG 12 2025

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR MANUEL MENDOZA-RIVAS,<br><br>　　　　Defendant. | Case No.　25-MJ-629<br><br>ORDER OF DETENTION |

I.

On August 12, 2025, Defendant Victor Manuel Mendoz-Rivas made his initial appearance on the criminal complaint filed in this case. Deputy Federal Public Defender James Threatt was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Nicholas Purcell. A detention hearing was held.

☐   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:   ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered the report and recommendation prepared by United States Probation and Pretrial Services.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ No legal status in the United States, citizen of Mexico, and family ties in Mexico,

☒ Failure to appear for outstanding traffic matter in 2018

☒ alleged mental health history

☒ Defendant is alleged to have entered the United States without permission after being deported in 1995 and 2019.

As to danger to the community:

☒ criminal history includes felony convictions for narcotics related offenses in 1990, 1991, sex with a minor in 1998, alien found in the United States after removal in 2000, and misdemeanor convictions for driving under the influence and driving with a suspended license in 2006, 2007, 2010, 2023, false ID to a peace officer in 2007, and evading a police officer in 2024, in addition to a lengthy history of law enforcement contacts including for narcotics related offenses and for driving under the influence and driving with a suspended license. .

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any

attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: August 12, 2025

                                                                      /s/
                                        ALKA SAGAR
                            UNITED STATES MAGISTRATE JUDGE